UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RAYMOND BERRIOS,

                              Plaintiff,

              -against-                                          **COMPLAINT**

THE CITY OF NEW YORK,
RICHARD MCLEES, and
JOHN and JANE DOES 1-8
                                                                **PLAINTIFF DEMANDS**
                              Defendants.                        **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

              Plaintiff Raymond Berrios, by his attorneys, Reibman & Weiner, as and for his

Complaint, hereby alleges as follows, upon information and belief:

                          **PARTIES, VENUE and JURISDICTION**

              1.      At all times hereinafter mentioned plaintiff Raymond Berrios was an adult

male resident of Bronx County, in the State of New York.

              2.      At all relevant times hereinafter mentioned, defendant City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and their

employees.

              3.      At all relevant times hereinafter mentioned, defendant Richard McLees

(Shield No.: 007781) was an adult male employed by the City of New York as a member of the

NYPD. McLees is sued herein in his official and individual capacities.

              4.      At all relevant times hereinafter mentioned, John and Jane Does 1-8 were

adults employed by the City of New York as members of the NYPD.  The Doe Defendants are

sued herein in their official and individual capacities.

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7.      On October 7,  2010 at about 8:20 p.m., Raymond Berrios was lawfully present on or near the intersection of Morris Avenue and McClellan Street in the Bronx, New York.

8.       While walking, plaintiff was approached, stopped, assaulted, and arrested by defendant McLees and Doe defendants 1through 3.

9.      Plaintiff had successfully sued one of the officers for police brutality in a prior matter.

10.      The defendants, in retaliation for plaintiff's prior lawsuit, without any reasonable justification, forcibly and repeatedly struck and kneed plaintiff in the face, head, and torso.

11.      As a result, defendants caused plaintiff to suffer extensive bruising, abrasions and lacerations to his torso, elbows, knees, back, face, and head.  Plaintiff was then arrested and transported to the 44 precinct station house.At no time did there exist any basis to utilize any level of force against Mr. Berrios, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

12.     As a result of the excessive force by defendants, plaintiff had to be taken to St. Barnabas hospital to be treated for injuries caused by the defendants.

13.     On October 8, 2010, plaintiff was then returned to 44 Precinct for processing.

14.     At all times mentioned herein following the arrest, plaintiff was in the custody of the defendants, who were responsible for his care and well being.

15.     Then-existing NYPD policies and guidelines required officers to thoroughly search prisoners before they were placed in holding cells to ensure that they were not carrying weapons.

16.     Police officers were also required to search the holding cells themselves to make sure that no weapons or contraband had been left behind by other prisoners and that the prisoners themselves removed their shoelaces and any other items they may use to harm themselves or others.

17.     These rules and guidelines were in place, in part, because the municipal defendant was aware that prisoners, under stress incident to the arrest, may seek to harm themselves.

18.     Plaintiff was noticeably upset and distraught over his arrest, the actions of the individual defendants, the possibility of returning to jail, and the prospect of losing a new job he expected to start shortly.

19.     Notwithstanding their obligation to maintain plaintiff's safety and well being, none of the remaining Doe defendants, who were officers and supervisors on duty at the 44th precinct station house, made any effort to search the prisoners previously held in the holding

pen where plaintiff was to be placed, nor did these defendants check the holding pen to determine whether it was weapon-free.

20.     Plaintiff was then placed in the holding pen.  Shortly thereafter, plaintiff found a knife in the pen, and distraught over his circumstances, stabbed himself deeply in the chest, causing severe and significant injuries, including a traumatic hemothorax and an open wound to the thorax.

21.     Plaintiff was rushed to Lincoln Hospital where he required immediate surgery, and where he remained until about October 26, 2010.

22.     This injury was brought about by defendants' deliberate indifference to the mental and physical health and well being of the prisoners in their care, including plaintiff.

23.     That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION

24.     Plaintiff repeats the allegations contained in paragraphs "1" through "23" above as though stated fully herein.

25.     The individual defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

26.     By so doing, the individual defendants, individually and collectively, subjected the plaintiff to excessive force and denial of due process, and thereby violated,

conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

27.     By reason thereof, the individual defendants have violated  42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

28.     Plaintiff repeats the allegations contained in paragraphs "1" through "28" above as though stated fully herein.

29.     Defendants acted with deliberate indifference to their obligation to protect and ensure the mental and physical health and well being of the prisoners in their care, including plaintiff, which resulted in plaintiff's nearly successful suicide.

30.     By so doing, the individual defendants, individually and collectively, violated plaintiff's constitutional rights by failing to take adequate steps to protect his health and well being, in contravention of the NYPD's existing rules and regulations.

31.     By reason thereof, the individual defendants have violated  42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

32.     Plaintiff repeats the allegations contained in paragraphs "1" through "31" above as though stated fully herein.

33.     Defendant City of New York was responsible for ensuring that reasonable

and appropriate levels of supervision were in place within and/or over the NYPD.

34.    Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

35.    By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### FOURTH CAUSE OF ACTION

36.     Plaintiff repeats the allegations contained in paragraphs "1" through "35" above as though stated fully herein.

37.    Defendants had a duty to care for and protect plaintiff from others and himself but failed to take even the most basic of steps to ensure that plaintiff was imprisoned in a safe and secure manner.  This failure included gross breaches of duty to search prisoners and the holding cell, and provide a secure prison environment.  The defendants were well aware that prisoners in their custody may be suicidal or unstable generally, and were on notice that plaintiff himself was distraught and upset, and required particular attention and monitoring.

38.    Notwithstanding the above, the defendants made no attempt to ensure that plaintiff was safe and secure in his cell, and as a direct and immediate result, helped to provide the plaintiff with the knife he used against himself.

39.    The defendants are therefore liable to plaintiff for their negligence under New York State law.

40.    By reason thereof, defendants have caused plaintiff to suffer emotional and

physical injuries, mental anguish, and medical expenses.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.     on the causes of action one through four, actual and punitive damages in an amount to be determined at trial;

ii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

iii.   such other relief as the Court deems just and proper.

Dated:  Brooklyn, New York
        January 6, 2012

                    REIBMAN & WEINER

                    By: _____
                        Michael B. Lumer (ML-1947)
                        Attorneys for Plaintiff
                        26 Court Street, Suite 1808
                        Brooklyn, New York 11242
                        (718) 522-1743